UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ZACHARY BONTA,

        Plaintiff,

  v.                               CAUSE NO. 3:22-CV-248-DRL-MGG

SWANSON,

        Defendant.

OPINION AND ORDER

Zachary Bonta, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Bonta is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Bonta, an inmate at Miami Correctional Facility, alleges that on December 22, 2021, he got into an "argument" with Officer Swanson (first name unknown) for reasons he does not specify. He claims that later that evening, Officer Swanson opened his cell door, allowing another inmate to come into his cell. He claims there was no legitimate

reason to open his cell door at that time of day. He claims the inmate immediately stated an intention to "beat [his] ass," but Mr. Bonta was able to run past him into the dayroom. The inmate caught up with him in the dayroom, punched him in the face, and spit on his eyebrow. This inmate and a second inmate then began to chase Mr. Bonta around the dayroom with a knife. Mr. Bonta claims he yelled for Officer Swanson to help him, but the officer allegedly stood by and did nothing. He claims the incident ended because another correctional officer came into the area, saw what was happening, and called an emergency signal. Based these events, he sues Officer Swanson for monetary damages.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Though a mistake or negligent act is not enough, a defendant can be held liable for deliberate indifference if he or she "recklessly condon[ed]" an attack. *Giles v. Tobeck*, 895 F.3d 510, 514 (7th Cir. 2018); *see also Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013) (reversing summary judgment for defendant where jury could

infer that guard's act of letting inmates out of cells and then leaving her post exhibited a "conscious disregard of a significant risk of violence").

Giving Mr. Bonta the inferences to which he is entitled, he has plausibly alleged that Officer Swanson facilitated the attack by letting another inmate in his cell to assault him. The complaint can be read to allege that the officer did this not for any legitimate penological reason but because he was angry about a prior argument he had with Mr. Bonta. He further alleges that he called out to Officer Swanson for help as the two inmates were chasing him around the dayroom with a knife, but the officer allegedly stood by and did nothing. He will be permitted to proceed on a claim for damages against Officer Swanson.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Swanson (first name unknown) in his personal capacity for monetary damages for failing to protect him from being attacked by other inmates on December 22, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Swanson at Indiana Department of Correction and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(5) ORDERS Officer Swanson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 13, 2022

*s/ Damon R. Leichty*
Judge, United States District Court